# UNITED STATES DISTRICT COURT

for the

Southern District of Illinois

Sheldon J. Oliver

_____

_____

_____

*Plaintiff(s)/Petitioner(s)*

v.

Federal Correctionan Institute STAFF

Warden: Williams, Captain Gore

Ass, Warden Cheeks, Santiago ε

*Defendant(s)/Respondent(s)*

Lt Phillips

Case Number: 3:22-cv-00056-SPM

*(Clerk's Office will provide)*

☐ CIVIL RIGHTS COMPLAINT
pursuant to 42 U.S.C. §1983 (State Prisoner)

☒ CIVIL RIGHTS COMPLAINT
pursuant to 28 U.S.C. §1331 (Federal Prisoner)

☒ CIVIL COMPLAINT
pursuant to the Federal Tort Claims Act, 28 U.S.C. §§1346, 2671-2680, or other law

## I. JURISDICTION

**Plaintiff:**

A. Plaintiff's mailing address, register number, and present place of confinement.

⇔ 27862-045 ⇔

Sheldon Oliver

PO Box 5000 ▬▬

Federalcorectionalcomplex

Greenville, IL 62246

United States

**Defendant #1:**

B. Defendant FCI Greenville Warden Williams is employed as
   (a)      (Name of First Defendant)

   Warden FCI Greenville
   (b)      (Position/Title)

   with  PO BOX 5000  FCI Greenville F.B.O.P
         (c)      (Employer's Name and Address)

   Greenville IL. 62246

At the time the claim(s) alleged this complaint arose, was Defendant employed by the state, local, or federal government?   ☒ Yes   ☐ No

If your answer is YES, briefly explain:  Warden and head over FCI Greenville F.B.O.P. And/or Program statement OCG/ELE 3420.11 Purpose and scope "Standards of Conduct" #14, 15, 16 12.13, See Attached, in Manual:

Rev. 10/3/19

**Defendant #2:**

C.    Defendant _CAptHin Gope_ is employed as

(Name of Second Defendant)

_CAptAin of F.C.I. Gressnville FB.P._

(Position/Title)

with _F.C.I. GRESSnville FB.P._

(Employer's Name and Address)

_PO Box 5000 GRssnville, IL, 62246_

At the time the claim(s) alleged in this complaint arose, was Defendant #2
employed by the state, local, or federal government?    ☒ Yes    ☐ No

If you answer is YES, briefly explain: _Controled handling of_
_COVID 19 protocol: STANDARDS of Employee Conduct_
_# 12, 13, 14, 15, 16 IN MANUEl_

**Additional Defendant(s) (if any):**

D.    Using the outline set forth above, identify any additional Defendant(s).
_Asst. WARden Cheeks ₹ Santiago_

_SAME_

_SAME_

Rev. 10/3/19

## II.    PREVIOUS LAWSUITS

A.    Have you begun any other lawsuits in state or federal court while you were in prison or jail (during either your current or a previous time in prison or jail), e.g., civil actions brought under 42 U.S.C. § 1983 (state prisoner), 28 U.S.C. § 1331 (federal prisoner), 28 U.S.C. §§ 1346, 2671-2680, or other law?   ☐Yes ☒No

B.    If your answer to "A" is YES, describe each lawsuit in the space below.  If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline.  **List ALL lawsuits in any jurisdiction and indicate the court where they were filed to the best of your ability,** including those that resulted in the assessment of a "strike" under 28 U.S.C. § 1915(g) and/or those that were dismissed for being frivolous, malicious, or for failure to state a claim (see 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); Federal Rule of Civil Procedure 12(b)(6)).  FAILURE TO FULLY DISCLOSE YOUR LITIGATION HISTORY, INCLUDING "STRIKES," MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL OF THIS ACTION.

1.    Parties to previous lawsuits:    *N/A*
       Plaintiff(s):

       Defendant(s):

2.    Court (if federal court, name of the district; if state court, name of the county):    *N/A*

3.    Docket number:    *N/A*

4.    Name of Judge to whom case was assigned:    *N/A*

5.    Type of case (for example: Was it a habeas corpus or civil rights action?):    *N/A*

6.    Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?):    *N/A*

7.  Approximate date of filing lawsuit:  *N/A*

8.  Approximate date of disposition:  *N/A*

9.  Was the case dismissed as being frivolous, malicious, or for failure to state a claim upon which relief may be granted and/or did the court tell you that you received a "strike?"  *N/A*

## III.   GRIEVANCE PROCEDURE

A.  Is there a prisoner grievance procedure in the institution?  ☑ Yes   ☐ No

B.  Did you present the facts relating to your complaint in the prisoner grievance procedure?  ☑ Yes   ☐ No

C.  If your answer is YES,
    1.  What steps did you take?

    *BP 8 - BP 9 - BP 10 - BP 11*

    *TORT CLAIM*

    2.  What was the result?
    *NOT ACCEPTED*

D.  If your answer is NO, explain why not.  *N/A*

E.  If there is no prisoner grievance procedure in the institution, did you complain to prison authorities?  ☐ Yes   ☐ No

F.  If your answer is YES,
    1.  What steps did you take?

Rev. 10/3/19

2.    What was the result?

G.    If your answer is NO, explain why not.

H.    Attach copies of your request for an administrative remedy and any response you received. If you cannot do so, explain why not:

## IV.    STATEMENT OF CLAIM

A.    State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments or citations. If you wish to present legal arguments or citations, file a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

F. C. I. Greenville's F.B.O.P.
Safety, health, protocol
For the Handling of COVID Pandemic. -
See Attached: B.P. S and documentation
of handling of COUID 19 sanitization,
protocol,

Rev. 10/3/19

## V.   REQUEST FOR RELIEF

State exactly what you want this court to do for you.  If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255.  Copies of these forms are available from the clerk's office.

HEALTH dAMMAGES MONIES, ANd home coNfiNEMEN foR REST of sENtENCE
$10,000 pER dAy foR two YEARS of suffERiNg of haNdling of SAfEty ANd wElfARE of MYSElf
SEE All AttAched?

## VI.   JURY DEMAND *(check one box below)*

The plaintiff ☐ does ☒ does not request a trial by jury.

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on:  _/-31-2022_   
(date)

_____  
Signature of Plaintiff

_PO BOX 5000_  
Street Address

_SHEldoN J. OliVER_  
Printed Name

_GREENVillE, IL, 62246_  
City, State, Zip

_27862-045_  
Prisoner Register Number

_____  
Signature of Attorney (if any)

Rev. 10/3/19

SIRS: Judge                                    02-02-2022

I filed a TORT CLAIM ACT, Title 28 USC
§ 1346(b) 2671 et. seg. They received my
Federal Tort claim 07.28.2021 they had
6 months to make an Administrative determination which was due 01.27.2022 that I
have not gotten a response.

Re: Administrative Claim for Damages
Claim #: TRT-NCR-2021-07083
$50,000

found at: Title 28 C.F.R.
part 14 et. seg. and § 543.30

signed by
Richard M. Winter
Regional Counsel

*Rm 106*
*RECEIVED BACK 3-31-2021*

## DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 1330.18, <u>Administrative Remedy Program</u>, (January 6, 2014), requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal written complaint. This form shall be used to document your efforts towards informally resolving your grievance.

Inmate Name _Oliver, Sheldon_    Reg No _27862-045_

1. Briefly state your complaint. Include all details and facts which support your request and the date on which the basis for the complaint occurred. (If related to UDC appeal, specify relevant section of Inmate Discipline Policy.)

   _SEE ATTACHED: Exhibit 1 And 2_

2. Briefly state the action you request to resolve your complaint.

   _SEE ATTACHED_

3. ~~Briefly state the action(s) you have taken and with whom you have spoken~~ to resolve your complaint.

   _SAME AS ABOVE_

4. *GIVE THIS COMPLETED FORM TO YOUR COUNSELOR FOR RESPONSE*  *NONE OF*
5. Summary of investigation:   *This was DONE*

   According to the COVID-19 Pandemic Response Plan, Module 4, Medical Isolation and Quarantine, the Bureau of Prisons utilizes a test-in/test-out strategy, with a quarantine duration of at least 14 days. The COVID-19 Pandemic Response is in alignment with the CDC recommendations for quarantine and testing and according to your electronic medical record, is being followed.

6. What actions were taken to resolves this matter informally:

   _Contacted Medical HSA Brazzle_

7. Explain reasons for no resolution:

   _Cannot Resolve at this level_

| | |
|---|---|
| Date & Time Issued: _1-21-21 / 12:10pm_ | Unit Team Member: |
| Date & Time Returned: _2-5-21  3:00pm_ | Unit Team Member: _Barth_  *wrote in* |
| Date & Time Investigation Completed and BP-9 issued: _3/31/21  3:00pm_ | *3-31-202* |

Unit Manager Signature:

On _____, this issue was informally resolved.

_NOT TRUE IT WAS GIVEN BACK 3-31-21_
_4-1-21 Ms. Barth wrote this in_

Inmate Signature            Date

*ON 4-1-2 MRS BARTH wrote th..*

Distribution: (1) If complaint is informally resolved, forward the original, signed and dated by the inmate to the Unit Counselor for filing.
    (2) If complaint is not informally resolved, forward the original (attached to BP-229(13) form) to the Warden's Office.

GRE-1330.18B                                                      5-26-16

_Complaint toward Administration Warden and Staff_

## DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 1330.18, Administrative Remedy Program, (January 6, 2014), requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal written complaint. This form shall be used to document your efforts towards informally resolving your grievance.

Inmate Name

Olivea Sheldon — Reg No. 32862045

1. Briefly state your complaint. Include all details and facts which support your request and the date on which the basis for the complaint occurred. (If related to UDC appeal, specify relevant section of Inmate Discipline Policy.)

My Complaint go toward The Warden and Staff for Unprofessional & Mishandling of the Pandemic on 4-1-2020 FCI Greenville went on lockdown to keep Inmate getting Covid-19, After 2 months The Captain Allow Inmate to go back to work. The staff And Inmate had a Town Hall meeting An The Captain stated that it will be no more Inmate moving from Housing Unit to Housing Unit to keep down Cross Contamination But yet in still After a Month He move Laundry Worker, Kitchen Worker And Commissary Worker on to Housing Unit (4-H) Now Cross Contamination of Covid-19 is at a all time high. This allow me to become more Vulnerable to catch Covid-19 Dealing with my Pre-condition Differt Officer And Differt Inmate coming in & out of the Unit The spread of Covid-19 Spread Fast in the Unit By this Warden And his staff mishandling this Pandemic cost me to test Positive Covid-19 I have been sick Every since An medical staff Refuse to give me any treatment. The AW Mrs. Santiago and AW Mr. Cheeks did absolutely nothing to get me any help

2. Briefly state the action you request to resolve your complaint.

I am asking this Administration to grant me a compassion Release Under 3582 first step Act Also I want to be sent to a Low Institution that will take Care of my Health Issue

3. Briefly state the action(s) you have taken and with whom you have spoken to resolve your complaint. I have Complaint to the Warden, AW, Captain, and Health service. They have did Absolute nothing to help Stop the spread of Covid-19

4. GIVE THIS COMPLETED FORM TO YOUR COUNSELOR FOR RESPONSE

5. Summary of investigation:

6. What actions were taken to resolve this matter informally:

7. Explain reasons for no resolution:

| | | |
|---|---|---|
| Date & Time Issued: 4/13/21  315pm | Unit Team Member: L Burton |
| Date & Time Returned: 4/18/21  1100am | Unit Team Member: L Burton |
| Date & Time Investigation Completed and BP-9 issued: | |
| Unit Manager Signature: | |
| On                         , this issue was informally resolved. | |

Inmate Signature                              Date

Distribution: (1) If complaint is informally resolved, forward the original, signed and dated by the inmate to the Unit Counselor for filing.

(2) If complaint is not informally resolved, forward the original (attached to BP-229(13) form) to the Warden's Office.

Exhibit 1

Policy & Procedure Covid-19 I am filing my Administrative Remedies for purpose of exhausting them in order to proceed with my Bivens and Civil Actions based on the FCC Greenville staffs negligence and deliberate indifference that place me in contact with several inmates that had and/or are carriers and/or tested possitive to covid-19 by 1) making us go to work at unicor or lose our job with inmates that tested possitive and test that haven't came back cleared 2) clearing inmates to work from unit 4A that tests hadn't came back with results 3) Those inmates sent to work uncleared, weather it was intentional or deliberate! willing or knowningly! due to staffs negligence and deliberated indifference In which staff failed to follow protocol and deliberated indifference. In which staff failed to follow protocol in thier specific rules and obligation with the BOP employment Guidelines as to my safety, security and health. This is cruel and injustial punishment in violation of constitution rights by placing me in harms way and in contact with inmates that are possitive with covid-19. I want sanctions made on Greenville F.C.I BOP employes and a quike Reply to expedits my exhausting administrative Remedies.

*Exhibit 2*

As soon as the facility of FCI-Greenville implemented its COVID-19 lockdown on April 1, 2020, I was subject to cruel and unjust treatment. The staff used incentives and coercion to try to get us to contract COVID "faster" due to their frustrations with the new responsibilities that came with the pandemic. We were told things such as, "the faster you guys all catch it, the faster you'll be out of your cells". Even after quarantine and multiple negative COVID tests we were told we would be restricted to our cells, but the COVID-recovered inmates would be allowed to go back to work at UNICOR, shower daily, and have evening dayroom, phone, and computer access daily as well as go to commissary. We were told by UNICOR staff (Elders) that if we wanted to get out and go to work, we'd figure out a way to become "COVID-recovered."

This created a huge amount of problems and no small amount of new positive COVID tests. When this tactic was not effective enough, the staff turned to force. Staff directed infected orderlies to pass out my food, laundry, and issue toilet paper. There is no option but to accept it. We have to eat, have clothes, use the restroom. Staff neglected to clean the showers, phones computers between groups. While also failing to give any cleaning supplies or adequate time to clean before or after my own use to protect myself or other inmates. They would let out 20 inmates at a time to shower and contact our families. There are only 12 showers, and we would be given 15 minutes to complete all of our necessities and be back in our cells with threat of disciplinary action, loss of phone, computer, and commissary.

This is not an adequate amount of time to disinfect for everyone, and they would run these groups back to back with no time in between to clean. Staff was not being tested properly coming into the facility and this led to us being exposed to at least 1 sick C.O. (Goodfield), for several days. The facility disregarded their own policy and brought inmates from other housing units to ours (4B) to quarantine while there was designated housing units and bed space for this very purpose. Then, as more inmates were infected, they stopped moving anyone. Inmates who tested positive were left in cells with nothing more than a sign on the door and were basically forgotten for 10 days. No one from Medical would check on your condition

1 of 2

or symptoms. When asked why we were stuck to our cells rather than the quarantine unit, the Warden said they were "trying something new". As soon as the lockdown began, Medical became virtually non-existent. I put in sick calls for 6 months without being seen by a Health Care Provider. I complained of breathing and coughing problems before, during, and after contracting COVID-19. I made the nurses aware I was sick and have a long history of severe allergies and needed antibiotics. I was completely ignored. Never so much as a temperature check, blood pressure, or any basic procedures. During this time the facility also reduced the commissary spending limit to $25 (medication included) while also reducing the amount of medicines we were allowed to purchase. So I was receiving no medical treatment and little to ease my own pain and suffering. I was left sick for so long without treatment, that even now after having taken antibiotics, I still have breathing problems and have been coughing up blood. And still I have problems seeing Medical. This issue is ongoing.

✗ ON OR AROUNd DEC, 2☀15 when I got COVID-19

Thank you,

*Sheldon Oliver* 27862-045

FCI-Greenville
PO BOX 5000
Greenville, IL 62246

✱ "Staff" refers to unit officers (Kocevar, James, Weschle). And the Recreation Staff (Goodfield, Brown, Hampton) that were present every shower day, but failed to complete their job responsibilities

2 of 2

*COPIES*

*PROGRAM*
*STATEMENT* @ DATE 12/6/2013
@ subject:
STAndards of employee
conduct

OPI: OGC/ELE
3420.11

| NATURE OF OFFENSE | EXPLANATION | FIRST OFFENSE | SECOND OFFENSE | THIRD OFFENSE | RECKONI PERIOD |
|---|---|---|---|---|---|
| 10. Disrespectful conduct, use of insulting, abusive, or obscene language to or about others. | Includes verbal abuse of inmates, former inmates, their families, or friends (known or who should be known). | Official reprimand to removal. | 14-day suspension to removal. | Removal. | 2 years. |
| 11. Reporting for duty or being under the in-fluence of intoxicants or other drugs; unau-thorized possession of intoxicants or drugs on Government or leased premises. | Includes, but is not limited to, any substance(s) that impairs and/or interferes with an employee's ability to perform his/her duties. | 5-day suspension to removal. | 14-day suspension to removal. | 30-day suspension to removal. | 2 years. |
| 12. Failure to follow orders during an emergency situation. | Includes anyone with authority to give such orders. Potential danger to safety and/or damage to property is a primary consideration in determining severity | 15-day suspension to removal. | Removal. | Removal. | 2 years. |

4

pro;

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

| NATURE OF OFFENSE | EXPLANATION | FIRST OFFENSE | SECOND OFFENSE | THIRD OFFENSE | RECKONI PERIOD |
|---|---|---|---|---|---|
| of the penalty. | | | | | |
| 13. Failure to respond immediately to an emergency situation. | Potential danger to safety of persons and/or damage to property is a primary consideration in determining severity of the penalty. | Official reprimand to removal. | 14-day suspension to removal. | Removal. | 2 years. |
| 14. Failure to observe safety precautions. | Includes: (1) Precautions for personal safety. (2) Posted rules. (3) Signs. (4) Written or oral safety instructions. (5) Failure to use protective clothing and equipment. | Official reprimand to removal. | 14-day suspension to removal. | Removal. | 2 years. |
| 15. Endangering the safety of or causing injury to staff, inmates, or others through carelessness or | | 7-day suspension to removal. | 14-day suspension to removal. | Removal. | 2 years. |

5

pro

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

failure to follow instructions.

| Nature of Offense | Explanation | First Offense | Second Offense | Third Offense | Reckoning Period |
|---|---|---|---|---|---|
| 16. Giving an inmate an order that could be hazardous to health and safety. | Potential danger to safety of persons and/or actual damage to property is a primary consideration in determining severity of the penalty. | Official reprimand to removal. | 14-day suspension to removal. | Removal. | 2 years. |

| NATURE OF OFFENSE | EXPLANATION | FIRST OFFENSE | SECOND OFFENSE | THIRD OFFENSE | RECKONI[NG] PERIOD |
|---|---|---|---|---|---|
| 17. Unauthor-ized possession or use of, or loss of, Government property or property of others. | | Official reprimand to removal. | 14-day suspension to removal. | Removal. | 2 years. |
| 18. Willful use or authorization of use of a U.S. Government- owned or -leased motor vehicle or aircraft for other than an official purpose. | 31 U.S.C. Section 1349 provides for a minimum 30-day suspension. | 30-day suspension to removal. | 45-day suspension to removal. | Removal. | 2 years. |

6

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: _Oliver, Sheldon J._   _27862045_   _4-B_   _Greenville FCI_
LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

**Part A - REASON FOR APPEAL**

SEE ATTACHED: COVID-19 AGAINST STAFF

_5-29-21_
DATE

_[signature]_
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE          CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION
SUBJECT: _____

DATE          SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Oliver, Sheldon J.          27862-045   4-B   Greenville FCI
      LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL** Policy & Procedure Covid-19- I Am filing my Administrative Remedies for purpose of exhausting them in order to proceed with my BIVENS and Civil Actions based on the F.C.S Greenville staffs Negligence and Deliberate Indifference that places me in contact with several Inmates that had and/or are carriers and/or tested possitive to Covid-19 By (1). making us go to work at UNICOR or lose our job with inmates that tested possitive and test that haven't came back cleared (2) Clearing inmates to work from Unit 4-A that tests hadn't came back (3) Those inmates sent to work uncleared. whether it was intentional or deliberate? Willingly or Knowingly? due to staff's negligence and deliberate indifference. In which staff failed to follow protocol in their specific rules and obligation with the Bureau of Prisons Employment Guidelines as to my safety, security, and Health. This is Cruel and unusual Punishment in violation of constitutional Rights.

~~illegible~~ 3-15-2021
DATE                                    SIGNATURE OF REQUESTER

**Part B - RESPONSE** by placing me in harms way and in contact with inmates that are possitive with Covid-19. I want sanctions made on Greenville F.C.C., B.O.P. Employees and a quick REPLY to expedite my exhausting my Administrative Remedies. In which they will Not Answer my other 2 BP 8 and 9's

SEE Following Pages

RECEIVED
JUN 14 2021
REGIONAL DIRECTOR'S OFFICE
NORTH CENTRAL REGION

RECEIVED
AUG 05 2021
REGIONAL DIRECTOR'S OFFICE
NORTH CENTRAL REGION

RECEIVED
MAR 24 2021
Administrative Remedy Section
Federal Bureau of Prisons

_____          _____
DATE                       REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                   CASE NUMBER: ~~1073655-A1~~

**Part C - RECEIPT**                          CASE NUMBER: 1075680 R2

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

_____                              _____
DATE                                          SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN          PRINTED ON RECYCLED PAPER                              BP-

U.S. DEPARTMENT OF JUSTICE ~~REQUEST FOR ADMINISTRATIVE REMEDY~~

Federal Bureau of Prisons

---

*Type or use ball–point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: OLIVER, Sheldon J. 22862.045 4B GREENVILLE FCI
       LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

**Part A– INMATE REQUEST** SEE BP-8 And Attached document
ON PAGE 1 that I Recieved ON 3-31-2021 And Filed
1-29-2021 And Mr BARTH wrote the day I got it back
was 2-5-21 when I Recieved this 4-31-2021 And Ms. BARTH
said I have to give her some slack on Return date.
I have time limits As well As the BOP staff,
WITNESS: (1) JERRY HARVEY #42553-044 | This is on staff
          (2) Doe, Rondel #96294020
at GREENVILLE FCI medium for Policy & Procedure & INMATES
health and safety on filing A BIVENS and Civil lawsuit Read
Attached document Last page on COVID-19 Put in mail
4-1-2021                                                4-1-2021
4-1-2021
DATE                              SIGNATURE OF REQUESTER

**Part B– RESPONSE**


---

DATE                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**                     CASE NUMBER: 1075680-F1

CASE NUMBER: _____

**Part C– RECEIPT** ·

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

SUBJECT: _____

---

DATE                              RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN      PRINTED ON RECYCLED PAPER                    BP–229(13)
                                                          APRIL 1982

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen, If attachments are needed, submit four copies. Additional instructions on reverse.*

**From:** Oliver, Sheldon J.  27862-045  4B  Greenville FCI

LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A- INMATE REQUEST** Pursuant to BOP policy & Procedure, I am Siting my Administrative Remedies for purpose of Exhausting them in order to proceed with my Bivens and Civil Action based on the Greenville Medium F.C.I. staff's Negligence and Deliberate Indifference that placed me in contact with staff & other Inmates that was Active with COVID-19. Due to staffs (1) Not Qurantine infected inmates in another housing unit and, (2) Sending me back to work at Unicor bringing other, Non-clears Inmates from another unit. (3) That had Tested positive for COVID or Carriers, (4) Tests that hadn't came back. Whether it was intentional or deliberate; willingly or Knowingly; due to staff's Negligence and deliberate indifference, I am now infected with COVID and Am currently having a lot of After Affects. I have never been so sick and mistreated, abused by staff not following protocol in their specific rules and obligations with the Bureau of Prisons employment guidelines as to my safety, security and health This is Cruel and unusual Punishment in violation of my Constitutional Rights by placing me in harms way and in contact with staff and

3-15-2021 _____ SIGNATURE OF REQUESTER

DATE

**Part B- RESPONSE** inmates that was Actively had COVID-19. I want an Compassionate release and sanctions on Warden & staff and a quick reply to expedite my exhausting my remedies that this staff will Not Answer the other two BP8 and 9 s that I have filed

_____ DATE

_____ WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**

CASE NUMBER: _____

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____ _____ _____ _____
LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____ DATE

RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982

USP LVN

PRINTED ON RECYCLED PAPER

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP–DIR–9 and BP–DIR–10, including any attachments must be submitted with this appeal.

From: Oliver, Sheldon J.          27862045          4-B 106B        FCI Greenville
　　　LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A—REASON FOR APPEAL**   How staff treated the COVID-19 PANdEMic: SEE ATTACHED BP's on backdating them And stating "you have to give ME A BREAK" my Health & safety not following Protocol & Procedure

6-30-2021
DATE

SIGNATURE OF REQUESTER

**Part B—RESPONSE**

---

DATE

ORIGINAL: RETURN TO INMATE

**Part C—RECEIPT**

GENERAL COUNSEL

CASE NUMBER: _____

CASE NUMBER: _____

Return to: _____          _____          _____          _____
　　　　　LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

OLIVER, Sheldon John
Reg. No.: 27862-045

This is in response to letter that was received on April 13, 2020, in which you request to be considered for home confinement in accordance with the recent CARES Act.

Given the surge in positive cases at select sites and in response to the Attorney General's directives, the BOP has begun immediately reviewing all inmates who have COVID-19 risk factors, as described by the CDC, to determine which inmates are suitable for home confinement.

Inmates do not need to apply to be considered for home confinement. Case management staff are urgently reviewing all inmates to determine which ones meet the criteria established by the Attorney General. The Department has also increased resources to review and make appropriate determinations as soon as possible.

While all inmates are being reviewed for suitability, any inmate who believes they are eligible may request to be referred to Home Confinement and provide a release plan to their Case Manager.

I trust this information has adequately addressed your concerns.

_____                    4/21/2020
E. Williams, Warden                         _____
                                            Date

U.S. Department of Justice
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Administrative Remedy Number:**   1075680-R1

This is in response to your Regional Administrative Remedy Appeal received in this office on
July 6, 2021, in which you allege staff are refusing to accept, and are mishandling your Administrative
Remedies.   For relief, you request staff follow the guidelines set forth in Program Statement 1330.18,
Administrative Remedy Program, and issue Administrative Remedy forms (BP-229) when requested.

We have reviewed your appeal and the Warden's response dated May 12, 2021.   You were
designated to the Federal Correctional Institution Greenville, Illinois, on August 26, 2019, and have
since filed twenty-nine Administrative Remedies.   Records indicate all Administrative Remedies have
been handled in accordance with policy.   You have failed to provide any specific evidence to support
your allegations of Unit Team improperly handling your informal resolution.   Additionally, you have
provided insufficient evidence staff have acted outside the scope of policy or hindered your access to
the Administrative Remedy Program in any way.

Based on the above information, this response to your Regional Administrative Remedy Appeal is for
informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal
Bureau of Prisons, 320 First Street, NW, Washington, DC 20534.   Your appeal must be received in the
Office of General Counsel within 30 days from the date of this response.

08/10/2021
Date

Barb von Blanckensee, Regional Director

**FEDERAL CORRECTIONAL INSTITUTION**
**GREENVILLE, ILLINOIS**

**PART B - RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #1075680-F1**

This is in response to your Request for Administrative Remedy #1075680-F1, received in the Warden's Office on April 06, 2021, in which you claim the Unit Counselor wrote a false date on your Request for Informal Resolution.

A review of the matter revealed you were provided a Request for Informal Resolution from the Unit Counselor on January 21, 2021. It was notated on the form you returned the request to the Unit Counselor for response on February 05, 2021, at 3:00 pm. You claim the Unit Counselor falsely signed the date the investigation was completed and you were issued a Request for Administrative Remedy form on February 05, 2021. Upon review of the request it was determined the Unit Counselor signed and returned the response to you and issued you a Request for Administrative Remedy on March 31, 2021.

Based on the above information, your Request for Administrative Remedy is for informational purposes only.

If you are not satisfied with this decision, you may appeal to the Regional Director at Bureau of Prisons, North Central Regional Office, 400 State Avenue, Tower II, 8th Floor, Kansas City, Kansas 66101. Your appeal must be received in the North Central Regional Office within 20 calendar days of the date of this response.

_____
E. Williams, Warden

_____
Date

Sheldon Oliver
5000 Pobox
Federalcorectionalcomplex
Greenville, IL 62246
United States

U.S. POSTAGE PAID
FCM LG ENV
GREENVILLE, IL
62246
FEB 07 22
AMOUNT

**$0.00**

R2305K134459-07

→27862-045⇔
Court Us District
Clerk OF THE Court
750 Missouri AVE
ROOM 104
E Saint Louis, IL
United States



