IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHELDON OLIVER, #2786-045, | |
| Plaintiff, | Case No. 22-cv-00056-SPM |
| v. | |
| E. WILLIAMS, ASSOC. WARDEN CHEEKS, ASSOC. WARDEN SANTIAGO, CAPT. GORE, LT. PHILLIPS, and FEDERAL CORRECTIONAL INSTITUTE STAFF, | |
| Defendants. | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Sheldon Oliver, an inmate in the custody of the Federal Bureau of Prisons and currently being held at the federal medical center located in Lexington, Kentucky (FMC Lexington), commenced this action by filing a demand letter to FCI Greenville staff directing them to rebut allegations in his affidavit regarding COVID-19 procedures. (Doc. 1). The Court struck the document, as it was an inadequate complaint. Plaintiff was granted leave to file a valid signed complaint. (Doc. 7). Plaintiff timely filed a complaint,[1] which is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

---

[1] The Clerk of Court is **DIRECTED** to rename the document at Doc. 11 as "Complaint."

## DISCUSSION

To survive preliminary review under Section 1915A, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and which includes "enough facts to state a claim to relief that is plausible on its face." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A plaintiff is required to associate specific defendants with specific claims so that defendants are put on notice of the claims brought against them and so they can properly answer the Complaint. *Twombly,* 550 U.S. at 555. Merely naming a party in the caption of a complaint is not enough to state a claim against that individual. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Here, Plaintiff has failed to state a claim against any of the listed Defendants. He does not sufficiently describe what each Defendant did or failed to do to violate his constitutional rights or how the alleged conduct is considered tortious under state law.[2] The Complaint is a single sentence:

> F.C.I. Greenville F.B.O.P. safety, health protocol for the handling of COVID pandemic. See attached: B.P.S. and documentation of handling of COVID 19 sanitization, protocol.

(Doc. 11). Along with the Complaint, Plaintiff has included sixteen pages of exhibits. While exhibits often support or even clarify claims, Plaintiff's exhibits do not replace his statement of claim. The Court will not read through the exhibits in order to form Plaintiff's claims for him. It is also not clear on whether Plaintiff experienced any kind of injury as a result of improper COVID-19 policies, as he only generally states in his request for relief that he suffered due to the mishandling of his safety and welfare. Because the Complaint is devoid of factual allegations suggesting that Defendants violated his rights, all claims are dismissed without prejudice. Plaintiff,

---

[2] Plaintiff indicates that he is bringing his claims pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971) and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680. (Doc. 11, p. 1).

however, will be given an opportunity to replead his claims in an amended complaint.

## DISPOSITION

For the reasons stated above, the Complaint is **DISMISSED** without prejudice for failure to state claim for relief pursuant to Section 1915A. The Clerk of Court is **DIRECTED** to modify the docket in accordance with footnote 1.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **June 15, 2023**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to state claim, failure to comply with a court order, and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 22-cv-00056-SPM). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail him a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the

transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: May 18, 2023**

                                          *s/Stephen P. McGlynn*
                                          **STEPHEN P. MCGLYNN**
                                          **United States District Judge**