IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHELDON OLIVER, #2786-045, <br><br>                 Plaintiff, <br><br> v. <br><br> E. WILLIAMS, <br> ASSOC. WARDEN CHEEKS, <br> ASSOC. WARDEN SANTIAGO, <br> CAPT. GORE, <br> LT. PHILLIPS, <br> FEDERAL CORRECTIONAL INSTITUTE STAFF, <br> GOODFIELD, <br> MRS. ELDERS, <br> NURSE BROWN, <br> NURSE KELLEY, <br> NURSE MAXEY, <br> NURSE WILLIAMS <br><br>                 Defendants. | Case No. 22-cv-00056-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Sheldon Oliver, an inmate in the custody of the Federal Bureau of Prisons and currently being held at the federal medical center located in Lexington, Kentucky (FMC Lexington), commenced this action by filing a demand letter to FCI Greenville staff directing them to rebut allegations in his affidavit regarding COVID-19 procedures. (Doc. 1). The Court struck the document, as it was an inadequate complaint. Plaintiff was granted leave to file a valid signed complaint. (Doc. 7). Plaintiff timely filed a complaint, which was dismissed for failure to state a claim to 28 U.S.C. § 1915A. The Court gave Plaintiff another opportunity to replead his claims in an amended complaint.

The First Amended Complaint is now before the Court for preliminary review pursuant to Section 1915A. Any portion of the First Amended Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. §1915A(b).

## THE FIRST AMENDED COMPLAINT

Plaintiff alleges that he contracted COVID-19 due to the conditions at FCI Greenville. (Doc. 20, p. 6). He states that he was not given cleaning supplies and the showers, phones, and computers were not sanitized. Additionally, Warden Williams, Associate Warden Cheeks, Associate Warden Santiago, Captain Gore, Lieutenant Phillips, correctional officers, and staff brought in "new inmates from the streets serving food." Plaintiff asserts that Warden Williams stated that "they were trying something" and what they were trying was not working. (*Id.*).

Plaintiff further alleges that after contacting COVID-19, he was forced to lay on the floor of his cell because he was unable to climb up into his bunk bed. (Doc. 20, p. 5). He was not given food or water, and the only medication he was provided was Tylenol. He seeks money damages for the "after affects" he is experiencing due to "staff not doing [their] job and not having cleaning supplies to sanitize [the] cell." (*Id.* at p. 7).

## PRELIMINARY DISMISSALS

The Court must dismiss any claims brought against Defendants Goodfield, Elders, Brown, Kelley, Maxey, and Nurse Williams. Plaintiff lists these individuals as defendants but does not assert any claims against them in the statement of claim. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims

in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, Defendants Goodfield, Elders, Brown, Kelley, Maxey, and Nurse Williams are dismissed.

Plaintiff has attempted to state claims against unknown parties or groups of parties by naming Federal Correctional Institute Staff and Medical Staff as defendants. Any claims against this group of defendants are also dismissed. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow Federal Rule of Civil Procedure 8 pleading standards and include a short, plain statement of the case against that individual. He does not describe the unknown defendants or identify particular acts or omissions by any specific individuals who allegedly violated his constitutional rights or statutory rights. Thus, Federal Correctional Institute Staff and Medical Staff are also dismissed.

Finally, the Court also dismisses any claims Plaintiff is attempting to assert regarding inadequate medical care, as these allegations are not asserted against a named Defendant.

## DISCUSSION

For the following reasons, the First Amended Complaint does not survive preliminary review pursuant to Section 1915A. Plaintiff indicates on the civil rights complaint form that he is bringing this case pursuant *Bivens* and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. The FTCA explicitly authorizes "civil actions on claims against the United States, for money damages…for …personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). However, the United States is the only proper defendant in an FTCA action. *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982); 28 U.S.C. § 2679(b). Because Plaintiff has not named the United

States as a defendant herein, he cannot proceed under the FTCA. Accordingly, the FTCA claims shall be dismissed without prejudice, and all claims in this action shall be treated as being brought pursuant to *Bivens*.

When presented with a proposed *Bivens* claim, a district court must undertake a two-step inquiry. *See Hernandez v. Mesa*, 140 S. Ct. 735, 741 (2020). First, a court asks whether the case presents a new *Bivens* context, *i.e.*, whether it is meaningfully different from the three cases in which the Supreme Court previously implied a damages action. *Ziglar*, 582 U.S. at 138-140. Second, if a claim arises in a new context, the court must consider whether any "special factors" indicate that the Judiciary is at least arguably less equipped than Congress to "weigh the costs and benefits of allowing a damages action to proceed." *Id.* If even one reason gives the court pause before extending *Bivens* into a new context, the court cannot recognize a *Bivens* remedy. *Hernandez*, 140 S. Ct. at 743.

Plaintiff alleges that he was kept in unsafe conditions and ultimately contracted COVID-19 due to the COVID-19 policies and practices implemented, or lack thereof, at FCI Greenville. Plaintiff appears to be bringing an Eighth Amendment conditions of confinement claim. "[G]enerally courts have declined to expand the scope of *Bivens* actions into the 'new context' of federal prisons' COVID-mitigation policies not directly related to medical treatment." *Skyberg v. Marske,* No. 22-cv-591-jdp, 2022 WL 16715463, at *2 (W.D. Wisc. Nov. 4, 2022) (citing *Blanding v. Fed. Bureau of Prisons*, No. CV 21-1115, 2021 WL 5139912, at *6 (E.D. Pa. Nov. 4, 2021) ("Authorizing *Bivens* actions for damages regarding federal jails' COVID-19 practices would undoubtedly impose a large burden on the judiciary, which is not equipped to litigate these issues without Congressional guidance." (internal quotation omitted)); *Hill v. Healy*, No. 22-CV-203-PP, 2022 WL 3213260, at *5 (E.D. Wis. Aug. 9, 2022) ("All these factors counsel against this lower court expanding the reach of *Bivens* to include a conditions-of-confinement claim based on alleged

failures to take precautions to protect incarcerated persons from COVID-19."); *Greer v. Caravajal,* No. 22-cv-00334-VBF (JDE), 2022 WL 4826513, at *7 (C.D. Cal. June 30, 2022), *report and recommendation adopted sub nom. Greer v. Carvajal*, No. 22-cv-00334-VBF (JDE), 2022 WL 4842927 (C.D. Cal. Sept. 30, 2022)).

This Court agrees with these courts that Plaintiff's claims, to the extent he is alleging unconstitutional conditions due to insufficient or improper COVID policies, constitute a new *Bivens* context and special factors counsel against expanding *Bivens* into this area. Plaintiff, as a federal inmate, has an avenue of relief through the Bureau of Prison's Administrative Remedy Program. *See* 28 C.F.R. §542.10 *et seq*. Through this alternative remedial structure, Plaintiff could seek "formal review an issue relating to any aspect of his[] own confinement." 28 C.F.R. §542.10(a). The Supreme Court has directed that "a court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, an alternative remedial structure." *Egbert v. Boule,* 142 S. Ct. 1793, 1804 (2022) (internal citations and quotations omitted). Whether or not the Administrative Remedies Program provided Plaintiff with the relief he sought is irrelevant to the Court's analysis, as "the question of whether a given remedy is adequate is a legislative determination that must be left to Congress, not the federal courts." *Id.* at 1807. Accordingly, the Court finds that the Administrative Remedy Program forecloses a *Bivens* claim for Plaintiff's allegations of unconstitutional conditions of confinement, and his claim is dismissed without prejudice. *See Snowden v. Henning,* No. 21-1463, 2023 WL 4195838, at *2 (7th Cir. June 27, 2023) (a court cannot extend *Bivens* if even there is one rational reason to "think that *Congress* is better suited to weigh the costs and benefits of allowing a damages action to proceed") (citations omitted).

**LEAVE TO AMEND**

The Court will allow Plaintiff one more opportunity to amend his complaint. If the Court

does not receive an amended complaint by the deadline the Court sets, the Court will dismiss the case for failure to state a claim and Plaintiff will incur a strike under 28 U.S.C. § 1915(g). If after reading this Order Plaintiff decides he does not want to proceed with the lawsuit, he may notify the Court (before the deadline to amend) that he wants to voluntarily dismiss the case, and he can avoid incurring a strike.

### DISPOSITION

For the reasons stated above, the First Amended Complaint is **DISMISSED** without prejudice for failure to state claim for relief pursuant to Section 1915A.

Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" on or before **July 27, 2023**. Should Plaintiff fail to file a Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to state claim, failure to comply with a court order, and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). In the alternative, by **July 27, 2023,** Plaintiff may notify the Court that he wants to voluntarily dismiss the case, and he can avoid incurring a strike.

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "Second Amended Complaint," and he should use the case number for this action (No. 22-cv-00056-SPM). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail him a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Second Amended Complaint must stand on its own without reference to any previous pleading. The Second Amended Complaint is also subject to review pursuant to 28 U.S.C.

§ 1915A.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   June 29, 2023**

*s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**
