IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHELDON OLIVER, #2786-045,<br><br>        Plaintiff,<br><br>v.<br><br>FCI-GREENVILLE,<br>E. WILLIAMS,<br>ASSOC. WARDEN CHEEKS,<br>ASSOC. WARDEN SANTIAGO,<br>CAPT. GORE,<br>LT. PHILLIPS,<br>GOODFIELD,<br>MRS. ELDERS,<br>NURSE BROWN,<br>NURSE KELLEY,<br>NURSE MAXEY, and<br>NURSE WILLIAMS,<br><br>        Defendants. | Case No. 22-cv-00056-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Sheldon Oliver, an inmate in the custody of the Federal Bureau of Prisons and currently being held at the federal medical center located in Lexington, Kentucky (FMC Lexington), commenced this action by filing a demand letter to FCI Greenville staff directing them to rebut allegations in his affidavit regarding COVID-19 procedures. (Doc. 1). The Court struck the document, as it was an inadequate complaint. Plaintiff was granted leave to file a valid signed complaint. (Doc. 7). Plaintiff timely filed a complaint, which was dismissed for failure to state a claim to 28 U.S.C. § 1915A. The Court gave Plaintiff another opportunity to replead his claims in an amended complaint. The First Amended Complaint was also dismissed without prejudice. (Doc.

21). Plaintiff was offered one more chance to amend his pleadings.

Plaintiff has filed a Second Amended Complaint that is now before the Court for preliminary review pursuant to Section 1915A. (Doc. 22). Any portion of the Second Amended Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. §1915A(b).

## DISCUSSION

In the Second Amended Complaint, Plaintiff asserts that he contracted COVID-19 because staff did not follow proper safety and sanitation procedures. (Doc. 22, p. 6). As a result of suffering from COVID-19, he coughs "black (blood clots) stuff and blowing [his] nose with same thing." Additionally, Plaintiff still does not have a sense of taste or smell. He seeks $500,000 in damages for not following safety protocols. (*Id.* at p. 7).

Unfortunately, Plaintiff has again failed to state a claim. He does not assert any allegations against the Defendants, and they are not identified anywhere in his statement of claim. As Plaintiff has been previously instructed, a successful complaint must associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. (Doc. 21, p. 3) (citing *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2)). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, Plaintiff has failed to state a viable claim against the Defendants.

The Court also notes that, as pled, Plaintiff cannot obtain damages for an Eighth

Amendment conditions of confinement claim. A "conditions-of-confinement claim based on alleged failures to take precautions to protect incarcerated persons from COVID-19" would be an expansion of *Bivens*, and as the Court has stated, special facts counsel against applying *Bivens* to this type of claim. (Doc. 21, p. 4-5) (quoting *Hill v. Healy*, No. 22-CV-203-PP, 2022 WL 3213260, at *5 (E.D. Wis. Aug. 9, 2022)). Because Plaintiff has not articulated a plausible federal claim against a defendant, the Second Amended Complaint cannot proceed and must be dismissed.

Plaintiff has been given three chances to cure deficiencies in his pleadings and has been unable to state a viable claim for relief. The Court finds that it would be futile to allow further amendments. The dismissal will be with prejudice, and Plaintiff will not be given another opportunity to file an amended complaint. *See Arreola v. Godinez,* 546 F. 3d 788, 796 (7th Cir. 2008).

## DISPOSITION

For the reasons stated above, the Second Amended Complaint and this entire action are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be

extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** October 2, 2023

                                               *s/Stephen P. McGlynn*
                                               **STEPHEN P. MCGLYNN**
                                               **United States District Judge**